ADAMS, Respondent, vs. BUCYRUS COMPANY, Appellant.

*October 4—October 24, 1916.*

*Master and servant: Injury to employee: Unsafe working place: Evidence: Relevancy: Sufficiency: Special verdict: Instructions to jury: Damages.*

1. In an action for personal injuries caused by the fall of a two-ton iron roller which had been standing for two days on its fifteen-inch rim on a sand floor in defendant's factory, evidence as to the jarring of the roller or of the floor by the operation of machinery was admissible as bearing upon the question of the security of the foundation on which the roller rested, even though the machinery or some of it was not being operated at the time of the accident.

2. The evidence in such case as to the condition of the floor or sand on which the roller stood is *held* to justify an inference that the fall of the roller was due to the insecurity of the uneven sand foundation on which it rested, and to warrant a finding by the jury that plaintiff's working place near the roller was not reasonably safe.

3. The refusal in such case to submit in the special verdict a separate question as to what caused the tipping over of the roller was not a prejudicial error.

4. It is not error to refuse requested instructions to the jury which are embodied in the charge given.

5. Although, upon the record before it on a former appeal, this court was of the opinion that an award exceeding $12,000 for plaintiff's injuries should not be sustained, yet, upon the evidence adduced at the second trial, showing more clearly the permanency of his disability and also the extent and intensity of his suffering and the certainty of its continuance through life, an award of $15,000 (reduced by the trial court from $17,300) is upheld.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries which plaintiff alleges he sustained while in defendant's employ. He claims that the injuries were caused by defendant's failure to furnish him a reasonably safe place to work.

The statement of the facts of the case on the former appeal as reported in 155 Wis. 70, 143 N. W. 1027, presents in clear and concise terms the relations of the parties, a description of defendant's premises where the accident happened, a description of the appliances and machinery in the immediate vicinity of plaintiff's working place, the location of the iron roller that fell on the plaintiff, the condition of the place where the roller stood and where plaintiff worked, and the nature and kind of sand foundation of the roller when it fell. In the light of that record it is not necessary to repeat the statement of the case here. The verdict on this trial is in substance and form the same as the verdict returned by the jury and incorporated in the report of the case on the former appeal. The jury on the second trial found in effect: (1) That the place where plaintiff was at work when injured was not reasonably safe considering the nature of his employment; (2) that the defendant knew in time to have prevented the injury to plaintiff that the place where he was at work was not reasonably safe; (3) that the defendant ought to have known in time to have prevented the injury to plaintiff that the place where he was at work was not reasonably safe; (4) that such failure to provide a reasonably safe place for the plaintiff to work was the proximate cause of his injury;

(5) that no want of ordinary care on the part of the plaintiff proximately contributed to produce his injury; (6) that the plaintiff in the exercise of ordinary care ought not to have known that the place in which he was working at the time of the injury was not reasonably safe; (7) that no negligence on the part of Emil Ranthum proximately produced plaintiff's injuries; and (8) that the sum of $17,300 will reasonably compensate plaintiff for the injuries he sustained.

The court overruled defendant's motions to change certain answers of the verdict, for judgment, and for a new trial, and entered judgment for the plaintiff in the sum of $15,000 with costs. From such judgment this appeal is taken.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Joseph B. Doe,* of counsel, and oral argument by *Mr. Doe* and *Mr. W. C. Quarles.*

For the respondent there was a brief by *Stover & Stover,* and oral argument by *John S. Stover* and *James H. Stover.*

SIEBECKER, J.   It is contended that the admission of evidence pertaining to the jarring of the roller, or the floor at the place where the roller in question stood before it fell, by the operation of various kinds of machinery and appliances in defendant's manufacturing plant was clearly irrelevant and prejudicial under the issue raised by the pleadings and because it conclusively appeared that the machinery referred to as causing the jarring, except the north sand mill, was not in motion when the accident occurred.   As indicated in the former decision, the question of whether or not there were vibrations of the floor where the roller stood, caused by the jar of machinery, was a material inquiry on the question of the security of the foundation on which the roller rested, and hence testimony on the subject was proper.   The record does not disclose a state of facts which conclusively established that there was no such jarring or that vibrations caused thereby were not communicated to the floor on which the roller

rested.    True, the evidence tends strongly to show that some of the machinery, which plaintiff claims produced such an effect, was not being operated at the time of the accident; this, however, cannot be said to make the evidence offered on the subject wholly incompetent, for it appears that the roller had stood where it was at the time it fell for about two days. This evidence had a bearing on the question whether or not the jarring affected the place where the roller stood, and if so whether it so affected this place as to make the roller insecure. It was considered on the former appeal that evidence offered by defendant and rejected by the court to show that any jarring from operating machinery could not have affected the security of the roller, should have been received as material on this issue.    It was for the jury to determine whether or not the operating of the machinery referred to in the evidence produced such an effect, in the light of the statements of the witnesses who testified to having taken notice thereof, and it must be presumed that the jury gave this evidence only such consideration and weight as it reasonably bore on the question at issue between the parties.    It must be held that the reception of the evidence on this question over defendant's objection was not prejudicial error.

It is asserted by appellant that the condition of the floor, or sand, on which the roller stood, as disclosed by the evidence, shows no grounds from which the jury could be permitted to infer that the place where the plaintiff worked was not reasonably safe.    The evidence is in conflict as to the depth and quantity of sand at the place of the accident.    In testifying to the depth of the sand under the roller the witnesses' estimate varied from about one inch to ten inches, and some of them testified that the surface was even, others that it sloped and was dumped in piles for use in the sand mill. A careful review of the evidentiary facts discloses that the evidence on this question on this trial is in substance and effect the same as it was on the first trial.    The trial courts on

both trials, and this court on the former appeal, held that this evidence permitted of the inference that the roller stood on a sand foundation of a sloping and uneven nature and that such conditions justified the inference that the roller had an insecure foundation which caused it to move and fall. It is manifest that it did move and fall on the plaintiff, and these facts and circumstances warranted the jury in finding that this resulted from the insecurity of the roller due to the uneven sand foundation on which it rested. True, the evidence bearing on this question is sharply in conflict and the witnesses did not attempt to explain what caused the roller to topple over, but the course of its movement in the sand and its fall permits of the inference that its foundation was unstable and uneven, and that its weight and its position made the support on which it rested so insecure and unsafe as to cause it to lose its equilibrium and fall on the plaintiff.

The claim that the refusal of the court to submit the inquiry to the jury to find specially what caused the tipping over of the roller was prejudicial error, we think is not sustained. The finding by question 1 that the place was not reasonably safe necessarily embraced this inquiry, and it must be presumed that the jury found the roller tipped over because of the insecurity of the sand foundation. The rejection of the requested instructions to the effect that plaintiff had the burden of proof to show what caused the roller to tip as it did, and that the jury must be satisfied to a reasonable certainty of what caused it to tip to justify them in finding that the place where the plaintiff worked was not reasonably safe, was not error, because the instruction given by the court on this subject embodies what was thus requested. The court properly instructed the jury as to what constituted actual and constructive notice to defendant of the alleged unsafe condition of plaintiff's working place in submitting these issues in questions 2 and 3 of the special verdict and hence no error was committed in refusing to instruct as requested on these questions.

The evidence on the question of the plaintiff's assumption of the risk and of his contributory negligence is in substance the same as upon the first trial, and we find nothing in the record which shows that our conclusions as to these questions on the former appeal are incorrect, and must adhere to the view that the trial court correctly submitted these issues to the jury for determination upon the evidence.

On the former appeal this court expressed the opinion upon the record before it that an award of damages in excess of $12,000 should not be sustained. Upon this second trial the jury made an award of $17,300 and the trial court reduced it to $15,000. The trial court in ruling on this question declared that the jury "were of more than average intelligence and the court is of the opinion were not influenced by passion, prejudice, or sympathy in fixing the amount of damages sustained by the plaintiff." The court also held that in the light of the long time since the first trial and the evidence adduced, it appears beyond question that plaintiff is wholly incapacitated from pursuing his former vocation or doing labor of like kind and that he is so crippled that he will permanently require the use of crutches. The evidence now shows more conclusively than before the intensity and extent of his suffering and the certainty of its continuance through life. We are persuaded that this court should not overrule the judgment of the trial court on this question. We are of the opinion that the defendant had a fair trial and that the case was properly submitted to the jury and that the judgment appealed from must be affirmed.

*By the Court.*—The judgment appealed from is affirmed.